## GILMAN ET AL v. THE D. V. R. Co.

1. **Fees:** SHERIFF: EXECUTION SALE. Where a decree of foreclosure of a mortgage upon a railroad had been obtained by the mortgage bond holders and a sale of the road had taken place thereunder, at which a certain corporation not a party to the foreclosure was the bidder, and the transfer of its bid to the trustees of the bondholders was subsequently approved by the court rendering the decree, it was *held*, that the officer's fees for the sale should be the same as if the execution plaintiffs had been the immediate purchasers.

*Appeal from Polk Circuit Court.*

FRIDAY, MARCH 24.

PLAINTIFFS, as trustees for certain bondholders, secured by a deed of trust upon the Des Moines Valley Railroad, pro-

cured a decree of foreclosure thereon in this action, upon which an execution was issued and the road, with appurtenant property, was offered for sale and struck off upon the bid of the Keokuk & Northwestern Railroad Company. Subsequently, this bidder, through its directors, required the sheriff to execute the deed for the road to certain persons named, who were trustees for the bondholders secured by the deed of trust foreclosed. The sheriff was informed by the same instrument giving this direction, that the bid was made for the benefit of the bondholders. Thereupon such proceedings were had before the court that an order was made transferring the bid to the trustees of these bondholders, appointed for the purpose of purchasing the road at the sheriff's sale. The sheriff executed a deed to them. The fees charged by the sheriff for the collection of the money on this sale were the full sum allowed under Code, § 3788, in cases of purchase of property by persons other than the plaintiffs in execution.

The plaintiffs and defendants united in a motion to re-tax the costs of the sheriff, claiming that under the section of the Code referred to he is entitled to receive but half the sum charged in his fee bill. The motion was sustained and from the judgment of the court thereon the sheriff appeals.

*Barcroft, Given & Drabelle*, for appellant.

*Nourse & Kauffman*, for appellee.

Beck, J.—Code, § 3788, provides that the sheriff may charge and receive for collecting money upon execution a compensation graduated by a per centum upon certain sums constituting a part of the whole amount, diminishing the per centum as these sums exceed certain specified quantities. The sheriff claims that he is entitled to charge costs for collection of the amount bid upon the execution under the rule thus prescribed.

The same section further provides as follows: "But where the property is purchased by the plaintiff in execution, or where the money is collected without sale of property, one-half the above rates," may be charged by the sheriff.

We must determine who was the purchaser of the property in this case. It requires something more than a mere bid at a sale to constitute the one making the bid a purchaser. There must be a sale before there can be a purchaser. Now a sale does not arise upon a bid merely. The bidder must be in a position to enforce the execution of the deed to him before he can be called a purchaser. But he could not occupy this position until payment or tender of payment of the sum bid. This was not done by the Keokuk & Northwestern Railroad Company. The corporation, then, was not a purchaser at the sale—it was nothing more than a bidder. Its bid was transferred to the trustees of the bondholders, and this transfer was approved by the court, and a deed was ordered to be made them. No question is raised as to the sufficiency or regularity of the proceeding resulting in this order. The trustees became clothed with the right of bidders at the sale and with the right to the sheriff's deed. Whether by payment in cash of the sum bid or by crediting the judgment they became entitled to the deed we need not inquire, for their right to the deed was admitted by its execution. Being bidders by transfer of the right of the K. & N. W. R. Co. under its bid, they became purchasers by acquiring, in some manner, the right to the deed and by the execution of the deed itself. They were therefore the purchasers and the only purchasers at the sheriff's sale.

The parties receiving the deed were the trustees of the bondholders, the parties who are the beneficiaries in this action— the *cestui que trust* in the deed of trust foreclosed herein. That they are to be regarded as entitled to the benefits secured by the section of the Code above cited to plaintiffs in execution is not questioned in this case.

We reach the conclusion that the ruling of the Circuit Court upon the motion to re-tax the sheriff's costs, to the effect that he was entitled to but half the sum charged by him as his percentage for collection, or commission, is correct.

AFFIRMED.